UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:12-cr-156 |
| ) | |
| v. ) | Honorable Paul L. Maloney |
| ) | |
| CHARLES J. FINLEY, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**REPORT AND RECOMMENDATION**

Pursuant to W.D. MICH. L.CR.R. 11.1, I conducted a plea hearing in the captioned case on June 28, 2013, after receiving the written consent of defendant and all counsel. At the hearing, defendant Charles J. Finley entered a plea of guilty to counts 1 and 3 of the First Superseding Indictment charging him with conspiracy to commit wire fraud (count 1), in violation of 18 U.S.C. § 1349, and aggravated identity theft (count 3), in violation of 18 U.S.C. 1028A, in exchange for the undertakings made by the government in the written plea agreement. On the basis of the record made at the hearing, I find that defendant is fully capable and competent to enter an informed plea; that the plea is made knowingly and with full understanding of each of the rights waived by defendant; that it is made voluntarily and free from any force, threats, or promises, apart from the promises in the plea agreement; that the defendant understands the nature of the charge and penalties provided by law; and that the plea has a sufficient basis in fact.

I therefore recommend that defendant's plea of guilty to counts 1 and 3 of the First Superseding Indictment be accepted, that the court adjudicate defendant guilty of the charge, and that the written plea agreement be considered for acceptance at the time of sentencing.  Acceptance of the plea, adjudication of guilt, acceptance of the plea agreement, and imposition of sentence are specifically reserved for the district judge.

Dated:  June 28, 2013                         /s/  Timothy P. Greeley
                                              U.S. Magistrate Judge


**NOTICE TO PARTIES**

You have the right to de novo review of the foregoing findings by the district judge. Any application for review must be in writing, must specify the portions of the findings or proceedings objected to, and must be filed and served no later than 14 days after the plea hearing.  See W.D. MICH. L.CR.R. 11.1(d).  A failure to file timely objections may result in the waiver of any further right to seek appellate review of the plea-taking procedure.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Branch, 537 F.3d 582, 587 (6th Cir.), cert. denied, 129 S. Ct. 752 (2008); Frontier Ins. Co. v. Blaty, 454 F.3d 590, 596-97 (6th Cir. 2006).  General objections do not suffice.  Spencer v. Bouchard, 449 F.3d 721, 724-25 (6th Cir. 2006); see Frontier, 454 F.3d at 596-97; McClanahan v. Comm'r of Social Security, 474 F.3d 830, 837 (6th Cir. 2006).